THOMAS CARMAN *v.* Z. D. JOHNSON.

**Boundaries—Surveyor's Field Notes.**
> The field notes of the original surveyor are competent evidence to establish a boundary line.

APPEAL FROM GRAVES CIRCUIT COURT.

February 16, 1870.

OPINION OF THE COURT BY JUDGE PETERS:

Appellant, claiming the southwest quarter of section one, township 3, range one, W. one the waters of little Mayfield creek bearing date 1st of December, 1852, instituted this suit in equity on the 2nd of June 1863, against appellee, alleging that he being the owner of the lands adjoining his on the West caused the processioners of Graves county to go upon his said appellee's land and procession the same, making the corner for sections 35 and 36, township 1, W. the beginning, or starting point, and run South, one mile, where there was no trace of an original line, and where in fact no line was ever run before, changing the true line as shown by visible marks, and by their report fixed a corner in a line dividing townships 3 and 4 fixing the corner 69 poles east of the true corner, and seeks in this action to have this alleged error corrected.

The defendant being the owner of North-east and South-east quarters of section 2, township 3, range 1, W. answered, and

denied the alleged errors in fixing the corner by said processioners, resists the relief sought, charges that he has been in possession of the land up to the corner fixed by the processioners for 20 years adverse to all claims and relies on the statute of limitations as a bar.

Appellant's petition was dismissed by the court below and he has appealed.

Waiving for the present the legal effect which the report of the processioners is entitled to between the parties to this controversy, we propose very briefly to consider what influences certain established facts in the record must have in determining this controversy.

First. C. Anderson proves that he was then, and has been since 1844 receiver of public money for land district west of the Tennessee river, and that Henderson's field notes show as far as his experience goes all parallel lines, and township lines in Graves county, with their corners, unless in places where the country was open barrens, and in such places lines, and corners are hard to trace. That he had copied the field notes for all the counties except McCracken, doing the work as carefully as he could, and never found that two adjoining sections had each its separate corner; on the contrary there are always four sections cornering at the same section corner; and in copying the field notes, there were very few cases where the two parallels did not meet; but the notes generally give the distance East, or West as the case may be. He never found but one corner for both lines, and that Henderson's field notes show that sections 35 and 36, township 4, and sections 1 and 2, township 3, have the same corner and the corner being fixed at "A" on Cook's plat suits for a common corner for all of said sections, in the two townships named. This fact the processioner's report also shows.

Second. There are natural objects called for in Henderson's field notes which seem to fix with almost unerring certainty the corner at "A" on Cook's plat. To begin at the point designated by A and run north by Henderson's field notes, Mayfield creek is reached at the several distances called for, and the creek crossed three times as described by said field notes sections 1, 2, 35, 36, this is shown by the testimony of A. A. Boswell, who also proves that the corner at A is a common corner to section 1 and 2, 35, 36. And to begin at the same point and run east 162 poles as

called for in the field notes of Henderson the creek is again reached as therein described—this Black proves—and the line from the letter A to C on the plat is an old marked line.

Third. Gregory, appellant's vendor, proves when he traded the land to him, he showed him the Bush line, which is the line from A to C as the true line between the sections and never knew any other line, and this was in 1852. So it is shown that appellant in fact only bought up to that line, and it furthermore appears that he gets his full quantity and more, to stop at this line.

Besides it is safe to say that appellee was at least constructively, and the proof preponderates that he was in the actual possession of the disputed territory, clearing and building on it when appellant took his deed, and has been so possessed for more than fifteen years before this action was brought.

Leaving the report of the processioners out of view appellant has failed to show himself entitled to the relief he seeks.

Wherefore the judgment is *affirmed.*

*Bradley & Rodman,* for appellant.

*Tice,* for appellee.